FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 1:19-CV-03029-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 16. Attorney D. James Tree represents Bryan D. (Plaintiff); Special Assistant United States Attorney Lars Joseph Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on June 9, 2011, alleging disability since October 2, 2009,[2] due to herniated disk with pressure on the nerves/chronic back pain and depression. Tr. 72. The application was denied initially and upon reconsideration. Tr. 97-99, 103-07. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on September 24, 2014, Tr. 40-70, and issued an unfavorable decision on October 3, 2014, Tr. 14-22. Plaintiff requested review of the ALJ's decision from the Appeals Council, which denied the request on March 4, 2016. Tr. 1-5. Plaintiff filed a civil action in this court, and on June 30, 2017, the claim was remanded for further proceedings. Tr. 380-94. On December 18, 2018, ALJ Kennedy, finding another hearing to be unnecessary, issued a second unfavorable decision. Tr. 345-51. The Appeals Council did not review the decision, and the ALJ's December 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 343. Plaintiff filed this action for judicial review on February 19, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1959 and was 51 years old as of his date last insured in 2010. Tr. 349. He has a ninth-grade education and never completed a GED. Tr. 48. His work history is primarily in carpentry and warehouse work. Tr. 49-50. He alleges disability based on back pain, causing him to be unable to lift, stand, walk, or sit for extended periods. Tr. 54.

## STANDARD OF REVIEW

---

[2] At the hearing Plaintiff amended his alleged onset date to October 6, 2009, due to a prior ALJ decision. Tr. 45.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant

cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 18, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 345-51. The ALJ noted he was adopting by reference significant portions of his prior decision. Tr. 346.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity between the alleged onset date and the date last insured, December 31, 2010. Tr. 348.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disk disease and spondylosis of the lumbar spine.[3] *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> occasionally balance, stoop, kneel, and crouch; never climb ladders, ramps, scaffolds, ramps, or stairs; never crawl; and should avoid concentrated exposure to extreme cold and heat, vibration, and hazards.

---

[3] The ALJ indicated he was adopting and incorporating the findings from his prior decision. Tr. 348. In that decision, he additionally found chronic pain to be a severe impairment. Tr. 17.

Tr. 348-49.[4]

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as an industrial truck operator and carpenter. Tr. 349.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cashier II, cleaner/ housekeeping, and counter attendant. Tr. 349-50.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through December 31, 2010, the date last insured. Tr. 350-51.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) violating the law of the case in not properly following the remand order when assessing the opinion evidence and creating an RFC unsupported by any opinion of record; (2) improperly discrediting Plaintiff's testimony; and (3) failing to assess Plaintiff's severe chronic pain.

## DISCUSSION

**1. ALJ compliance with the remand order**

Plaintiff argues the ALJ misstated the district court's conclusions from the 2017 remand order, and consequently misapplied the law of the case and the rule

---

[4] The repetition of the word "ramps" appears to be a typo, and one should have been "ropes," as indicated by the RFC in the first decision, Tr. 18, and the hypothetical posed to the vocational expert, Tr. 61.

of mandate in making his 2018 decision. ECF No. 13 at 7-8. Specifically, Plaintiff asserts the ALJ failed to reexamine the findings from the 2014 decision and conducted no further evaluation other than to adopt his prior findings and only change the RFC. *Id.* Defendant argues the ALJ sufficiently complied with the directives of the district court and issued a legally compliant decision. ECF No. 16 at 2-5.

The "law of the case" doctrine prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case, primarily in the name of efficiency. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Id.* at 567-68. In *Stacy*, the Ninth Circuit held that both of these appellate principles apply in the Social Security context. *Id.* at 567.

In 2017, the district court issued an order vacating the ALJ's 2014 decision and remanding the claim for further proceedings. Tr. 380-94. The court addressed three primary issues: the ALJ's rejection of Plaintiff's testimony, the ALJ's rejection of Dr. Halma's opinions, and the finding that Plaintiff was capable of performing medium work. The court found the ALJ's stated rationale for discounting Plaintiff's testimony was "controversial" and, read in isolation, did not constitute a clear and convincing rationale. Tr. 386-87. However, the court found the ALJ's rejection of Dr. Halma's opinions helped clarify the ultimate finding that Plaintiff's back problem was "not significantly limiting" during the relevant period, and found some of the ALJ's stated reasons for discounting Dr. Halma were appropriate. Tr. 387-90. The court concluded the ALJ was entitled to discount both Plaintiff and Dr. Halma "at least to some extent," emphasizing "to some extent." Tr. 390.

In discussing the RFC, the court held the ALJ erred in making the RFC finding, noting the court was "unable to identify evidence that convincingly demonstrates Mr. Denson was capable of performing medium work." Tr. 392. The court found the ALJ arguably would have been justified in finding Plaintiff capable of performing light work, but noted it was not suggesting the ALJ should have made such a finding. Tr. 390-91. The court ruled that on remand, "At a minimum, the ALJ must reexamine each of the determinations he made at steps four and five in the sequential evaluation process." Tr. 393-94.

On remand, the ALJ discussed his obligations under the law of the case and the rule of mandate. Tr. 345. He noted "The Court found that I was entitled to discount Dr. Halma's opinions and the claimant's testimony to some extent. The Court further concluded that I could have concluded that the claimant was capable of light exertion, as found below, based on the medical evidence of record." *Id.* The ALJ went on to find Plaintiff capable of light work, noting the court's affirmation of several of the previously proffered reasons for discounting Dr. Halma's opinions, and stating:

> Ultimately, the Court concluded that the medical evidence of record, including skepticism regarding the opinions of Dr. Halma and inconsistencies in the claimant's testimony, would have provided justification for finding that the claimant was capable of light work. Thus, I have found the claimant capable of this exertion in the above finding. Since a hypothetical reflecting light work was given at the prior hearing, there was is [sic] need to undertake a new hearing. Again, applying the law of the case and rule of mandate, I adopt and incorporate by reference my prior decision.

Tr. 349. This was the entire extent of the ALJ's rationale for the light RFC.

This Court finds the ALJ did not comply with the rule of mandate when he altered the RFC without explanation. The ALJ incorrectly cited the district court's order. The court found only that the ALJ "*arguably* would have been justified" in

finding Plaintiff could perform light work. Tr. 390 (emphasis added). The court was very clear that it was not suggesting the ALJ *should* make a finding that Plaintiff was capable of light work. Tr. 391 n.1. In discussing the possible outcomes on remand that warranted further proceedings, the court clearly stated it was expressing no opinion on whether Plaintiff was disabled or not. Tr. 393. Therefore, the ALJ's implication in his 2018 decision that he was somehow bound to find Plaintiff capable of light work is incorrect.

Furthermore, though the court affirmed some of the reasons the ALJ stated for discounting Dr. Halma's opinions, the court did not unquestionably affirm the ALJ's rejection of Dr. Halma and Plaintiff's subjective reports. While the court stated the ALJ was entitled to discount both "to some extent," emphasis was put on "some extent." Tr. 390. In the court's evaluation of whether to apply the credit-as-true rule, the order noted that there was evidence that was improperly rejected. Tr. 393. While it is somewhat unclear which analysis the court specifically found to be deficient, the intent for the ALJ to reexamine the rationale is clear.

In simply adopting by reference the prior decision, the ALJ failed to adequately explain the basis for his new conclusion. An ALJ "must make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently." *Vincent v. Heckler*, 739 F.3d 1393, 1394 (9th Cir. 1984). The Ninth Circuit has emphasized the importance of adequately explained decisions:

> [A]lthough we will not fault the agency merely for explaining its decision with "less than ideal clarity," *Treichler,* 775 F.3d at 1099 (citation and internal quotation marks omitted), we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).

*Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). By adopting the exact same rationale, yet reaching a different conclusion, the ALJ failed to explain the justification for finding Plaintiff capable of light work, other than by reference to the court's order indicating such a finding could arguably be supported.[5] The decision fails to explain the nexus between the ALJ's weighing of the evidence, including Plaintiff's testimony, and the decision to find Plaintiff more limited than before, but not limited enough to award benefits.

## 2. Residual errors

Plaintiff assigns further error to the ALJ's discussion of Plaintiff's testimony and the rejection of various medical sources, referencing both the 2018 decision's improper adoption of the prior rationale and the prior rationale itself. Plaintiff also

---

[5] Defendant argues the ALJ was not required to reassess the RFC specifically, because the remand order only directed him to reevaluate "steps four and five," which have to do with the past work and other work the claimant is capable of performing. ECF No. 16 at 4. This argument is not consistent with the obvious intent of the remand order. As noted above, ALJs engage in a five-step sequential evaluation process. The step of formulating a residual functional capacity is not one of the numbered steps, as it occurs between step three and step four. The court was clearly including the formulation of the RFC as part of step four, as the primary error identified was that a finding of a medium RFC was not supported by substantial evidence. Indeed, in the summary of the issues, the court noted that the parties had no disagreement about the first three steps, but it was "at step four in the sequential evaluation process that the parties' disagreements begin; specifically, whether the ALJ properly reconstructed Mr. Denson's Residual Functional Capacity." Tr. 383. Even if the court's use of the term "step four" was not precisely in line with the usage of that term in Social Security parlance, the intent could not be clearer.

argues the ALJ made improper step two findings when he excluded chronic pain from the list of severe impairments. As this matter is being remanded for full reconsideration of the entire record and reevaluation of all findings, the Court finds it unnecessary to address the individual assignments of error. On remand the ALJ will clarify the finding and justification for each step of the five-step process.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by sufficient rationale. On remand, the ALJ shall reassess the RFC and complete the five-step process, providing an explanation for the basis of the decision and addressing the disposition of all relevant evidence. According to Agency policy, the claim will be assigned to a different ALJ. *See* SSA Hearing, Appeals, and Litigation Law Manual (HALLEX) I-3-7-40(B), I-2-1-55(D)(5-6).

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

1 | The District Court Executive is directed to file this Order and provide a copy
2 | to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and
3 | the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 20, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE